

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| JULIO C. CARDENAS, | § | No. 08-20-00053-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| State. | § | (TC# 6813) |
|  | § |  |

## O R D E R

Court reporter Diane Pattillo has informed this Court that the original version of State's Exhibit 3 is missing and has inquired if a copy of the exhibit in possession of Tim Mason may be substituted in for the original exhibit. Under the circumstances, we have determined a hearing is required to see if all parties will stipulate to substituting the original exhibit by consent and, if not, for findings under Tex.R.App.P. 34.6(f). In acting on a motion/objection this type, this Court typically abates appellate proceedings and refers the matter to the trial court for a hearing so that a record can be made on which the Court can base a decision. However, local social distancing orders and other directives related to the ongoing COVID-19 situation require this Court to balance its need to continue operations and administer justice with the need to ensure litigants, attorneys, judges, staff, and members of the public remain safe and comply with all applicable laws, orders, and directives.

Pursuant to the Joint Third Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9044 (Tex. Mar. 19, 2020), non-essential proceedings may not be held in-person contrary to local shelter-in-place orders through May 8, 2020. However, the Office of Court Administration's latest Coronavirus Operation Guidance issued on April 17, 2020, suggests that all courts should delay *all* in-person proceedings of *any* size until June 1, 2020.

In light of the Joint Third Emergency Order, the OCA guidelines, and our own assessment of the current risk presented to all parties and entities, we will abate proceedings in this Court and refer this matter for a **videoconference hearing (NOT an in-person hearing)** in

1

the trial court. The following procedure is established:

- The trial court is directed to hold a videoconference hearing on this matter, if feasible, by May 19, 2020. The court reporter is directed to forward a copy of the transcript of this hearing to this Court by Mary 29, 2020.

- If it is not feasible for the trial court to hold a videoconferencing hearing on this matter by May 19, 2020, the trial court is directed to file a statement with this Court explaining the circumstances preventing the videoconference hearing from occurring. Prompt communication with the Court regarding logistical issues via eFile and email will be greatly appreciated.

  - The trial court's statement may also include requests for reasonable accommodations, including but not limited to requests for an alternate hearing deadline, requests to excuse informalities in the record, requests to send original recordings of video proceedings in lieu of a reporter's record in the event a court reporter is unavailable, etc. This Court will entertain reasonable accommodation requests and will work with the trial court in resolving logistical issues.

IT IS SO ORDERED this 24th day of April, 2020.


PER CURIAM


Before Alley, C.J., Rodriguez and Palafox, JJ.